Bichard S. Heller, J.
This claim for the unlawful death of Joseph A. Lakin was duly filed on December 8, 1955, and has not been assigned.
On October 22, 1955, the claimant’s intestate, Joseph A. Lakin, was riding as a passenger in the front seat of a car owned and operated by one John Strauf. The car with its occupants was enroute to Syracuse and traveling in a northerly direction along State Highway U. S. Boute No. 11 in the Town of Lafayette, Onondaga County, when, in the process of rounding a curve on a down grade, Strauf lost control of the car. The car left the paved portion of the 22-foot highway and the right wheels of the vehicle travelled 350 feet on the east shoulder, then it turned to the northwest across and over the highway for 50 feet and struck two trees, continued on for 96 feet and ended up with the front facing south. Joseph A. Lakin was killed and the driver was seriously injured.
The driver of the car stated at the trial that he slid off the right side of the highway and after attempting to get back to the pavement his recollection of further details stopped. In some four other statements covering the accident he gave a different version each time. The court finds that the driver *655 never really knew just how the accident happened. His serious injuries could have been the reason for his failure to remember, or he could have been intoxicated from the many drinks that he had between 4:00 p.m. and shortly before the accident when his last drink was taken at Tully or Lafayette. Upon all the evidence the court finds that the driver, John Strauf, was negligent.
Claimant contends that the State was negligent (1) because the road and curves lacked banking or superelevation; (2) because a curve sign failed to indicate a recommended speed or a caution signal; (3) because the shoulder was not maintained in a reasonably safe condition for use; and (4) because the State failed to have a 1 ‘ Hill ’ ’ sign properly located south of the approach.
“ Ryder’s Hill”, where this accident happened, is about 2,800 feet from top to bottom with about one half of the length having a grade of 7.1%. On this section of grade, to a northbound motorist the highway curves left at about four and one-half to five degrees. Route No. 11 is a main highway with the nearest traffic count taken prior to the accident showing 4,845 vehicles per day in both directions. There was testimony of previous accidents on the full length of the hill but this is inconclusive to indicate a dangerous condition or a trap.
The court finds that the prudent motorist could negotiate the curve at speeds up to 60 miles per hour without being forced onto shoulders and that a recommended speed was unnecessary. The court further finds that the shoulder was in reasonably safe condition for use by the traveling motorist and that John Strauf, the driver, was not confronted with any emergency which forced him to use the shoulder.
It is foreseeable that under some circumstances the failure to warn the motorist of a steep grade might constitute negligence but in the present case such warning was unnecessary. The road was illuminated by sodium lights which followed the contour of the road and the grade of the hill and gave the driver a complete picture of the highway before him. In addition, white road markings were placed in the center of the highway to guide the driver of any vehicle. The weather conditions existing at the time of the accident accentuated the duty of the driver to proceed as a prudent man would under the circumstances.
The State in the maintenance of its highways must use reasonable care to keep them in a reasonably safe condition but is not bound to insure the safety of the reckless driver. *656 (Armstrong v. Bacher, 280 App. Div. 512, appeal dismissed 306 N. Y. 610.)
It is the opinion of the court that the sole proximate cause of the accident which took the life of Joseph A. Lakin was the careless and negligent operation of a defective automobile by John Strauf. The court does not pass on the question of contributory negligence of the deceased.
The motion made by the Attorney-General for dismissal of the claim at the close of the case, upon which the court reserved decision, is granted and the claim is dismissed.
The foregoing constitutes the written and signed opinion of the court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.